**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN GUTIERREZ,** | : | **CASE NO.** |
| | : | |
| **YOSELIN A. MENDEZ,** | : | **JUDGE** |
| | : | |
| **Plaintiffs, individually, and on behalf of other members of the general public similarly situated,** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LEON & ESPINOZA, INC.,** | : | **COMPLAINT** |
| | : | |
| **CATARINO ESPINOZA,** | | |
| | : | **Jury Demand Endorsed Herein** |
| **LILIANA JAMIE,** | : | |
| | : | |
| **Defendants.** | : | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiffs Adrian Gutierrez and Yoselin Mendez (hereinafter, "Plaintiffs"), on behalf of themselves and on behalf of other members of the general public similarly situated, proffer this Class and Collective Action Complaint for damages against Defendants Leon & Espinoza, Inc., Catarino Espinoza, individually, and Liliana Jamie, individually, (hereinafter, "Defendants").

**PRELIMINARY STATEMENT**

1.    Plaintiffs Adrian Gutierrez and Yoselin Mendez (hereinafter, "Plaintiffs"), on behalf of themselves and all similarly situated individuals, bring this action against Defendants Leon & Espinoza, Inc., Catarino Espinoza, individually, and Liliana Jamie, individually,

(hereinafter, "Defendants"). Plaintiffs seek appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiffs and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.*, ("OMFWSA"), the Ohio Constitution, Article II, Section 34 ("Section 34a"), O.R.C. § 4113.15, and O.RC. § 2307.60.

2. Defendants operate approximately five (6) restaurants in the Cincinnati and Dayton, Ohio areas, including but not limited to, restaurants doing business as Mi Cozumel, Dos Amigos, and Las Piramides.

3. Plaintiff Gutierrez worked as server/bartender throughout his employment at Defendants' Mi Cozumel restaurant located at 8565 Winton Rd., Cincinnati, Ohio 45231 ("Finneytown Mi Cozumel").

4. Plaintiff Mendez worked as a server throughout her employment at all three of Defendants' Mi Cozumel restaurants, including the Finneytown Mi Cozumel, the restaurant located at 11700 Princeton Pike, Cincinnati, Ohio 45246 ("Tri-County Mi Cozumel"), and the restaurant located at 3100 Vandercar Way, Cincinnati ("Oakley Mi Cozumel"). Plaintiff Mendez also worked as a server for Defendants at their Dos Amigos restaurant location at 11305 Princeton Pike, Cincinnati, Ohio 45246 ("Tri-County Dos Amigos").

5. Defendants repeatedly violated the FLSA, OMFWSA, Section 34a, O.R.C. § 4113.15, and O.RC. § 2307.60, by failing to pay the legally required minimum wage amounts to servers and bartenders for the hours they worked for Defendants.

6. Defendants repeatedly violated the FLSA, OMFWSA, Section 34a, O.R.C. § 4113.15, and O.RC. § 2307.60, by failing to pay the legally required overtime premium pay amounts to

2

servers and bartenders for the hours over 40 hours in workweeks they worked for Defendants.

7. Defendants repeatedly violated the FLSA, OMFWSA, Section 34a, O.R.C. § 4113.15, and O.R.C. § 2307.60, by improperly applying a tip credit to servers and bartenders, and thereby failing to pay servers and bartenders the legally mandated minimum wage for all hours worked, and minimum overtime rate for hours worked in excess of 40 per workweek.

8. Defendants maintain a policy and practice of underpaying their servers and bartenders in violation of the FLSA, Section 34a, OMFWSA, and O.R.C. § 4113.15.

9. Defendants maintain a policy and practice of requiring servers and bartenders to spend well above twenty (20) percent of their time at work completing non-tipped duties (e.g., cleaning the restaurant) inside the restaurant, but were nonetheless compensated solely on tips.

10. Defendants maintain a policy and practice of failing to notify servers and bartenders the requisite information Defendants were required to notify the servers and bartenders prior to applying any tip credit towards the minimum wage requirements. See 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

11. Plaintiffs bring this action on behalf of themselves and similarly situated current and former servers and bartenders who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) and/or OMFWSA, O.R.C. 4111.10(C), to remedy violations of the FLSA and OMFWSA wage and hour provisions by Defendants.

12. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former servers and bartenders in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of O.R.C. § 2307.60 and O.R.C. § 4113.15.

## VENUE AND JURISDICTION

13. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Ohio Minimum Fair Wage Standards Act, O.R.C. 4111 et seq. ("OMFWSA" or "Chapter 4111"), Ohio Prompt Pay Act, O.R.C. § 4113.15("OPPA") (OMFWSA and OPPA referred to collectively as the "Ohio Acts"), Ohio Constitution, Art. II, §34a (the "Ohio Constitution") (collectively Chapter 4111, OPPA, and the Ohio Constitution will be referred to collectively as the "Ohio Wage Laws"), O.R.C. § 2307.60, and 28 U.S.C. §1331.

14. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. This Court has jurisdiction over Plaintiffs' Ohio law claims pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

16. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into employment relationships with Defendants in the Southern District of Ohio and performed their job duties there and Defendants are doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

17. Plaintiff Adrian Gutierrez is an individual and a resident of the state of Ohio.

18. Plaintiff Yoselin Mendez is an individual and resident of the state of Ohio.

19. Plaintiffs are former "employees," as defined by 29 U.S.C. § 203(e), of Defendants. Plaintiff Gutierrez was employed by Defendants from approximately March 2021 through approximately the beginning of October 2022. Plaintiff Mendez was employed by Defendants from approximately February 2020 through approximately October 2022.

4

20. At all times relevant herein, Plaintiffs were "employees" of Defendants as that term is defined under the FLSA, O.R.C. Chapter 4111 *et seq.*, OPPA, and Section 34a.

21. Plaintiffs have given written consent to join this action, a copy of which is attached to this Class and Collective Action Complaint. (See Notice of Consent forms, attached hereto as Exhibit A).

22. Defendant, Leon & Espinoza, Inc., is an Ohio corporation doing business in the Southern District of Ohio, and a location of Huber Heights, Ohio, in Montgomery County.

23. Upon information and belief, Defendant Leon & Espinoza was engaged in interstate commerce and it had an annual gross volume sales and/or business in an amount of not less than $500,000.00.

24. Defendant Liliana Jamie, upon information and belief, is a resident of Ohio.

25. Defendant Jamie has an ownership interest over Defendant Leon & Espinoza, Inc.

26. At all relevant times, Defendant Jamie exercised significant operational control over issues such as firing, hiring, rates of pay, and hours worked for employees of Defendant Leon & Espinoza, Inc.

27. Defendant Catarino Espinoza, upon information and belief, is a resident of Ohio.

28. Defendant Catarino Espinoza has an ownership interest over Defendant Leon & Espinoza, Inc.

29. At all relevant times, Defendant Espinoza exercised significant operational control over issues such as firing, hiring, rates of pay, and hours worked for employees of Defendant Leon & Espinoza, Inc.

30. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

31. During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

32. At all times relevant herein, Defendants were covered "employers" as that term is defined under FLSA and Ohio Wage Laws.

**FACTUAL BACKGROUND**

33. Plaintiff Gutierrez began working for Defendants as a server/bartender in March 2021 at Defendants' Tri-County Mi Cozumel location. Plaintiff Gutierrez's employment ended at Defendants on or about October 9, 2022.

34. Plaintiff Mendez began working for Defendants as server in February 2020. Plaintiff Mendez began her employment for Defendants working at the Finneytown Mi Cozumel location. After several months, Plaintiff Mendez transferred to work at Defendants' Tri-County Mi Cozumel location. Plaintiff Mendez then transferred to work at Defendants' Oakley Mi Cozumel location, ultimately returning back to the Tri-County Mi Cozumel location. Throughout Plaintiff Mendez's employment at Defendants, she also worked at the Tri-County Dos Amigos location.

35. At the time Plaintiff Mendez started her employment at Defendants, she was informed that the only compensation Defendants would pay her for her work would be based on the tips provided by customers during her work shift. Plaintiff Mendez was advised that all the cash tips and credit card tips received during a work shift by the servers would be combined and then split among the number of servers and managers working that shift. Plaintiff

Mendez began receiving an even proportion of tips consistent with the number of servers and managers on her shift only after many weeks of employment. Defendants provided Plaintiff Mendez no other information regarding her compensation at that time.

36. At the time Plaintiff Gutierrez started his employment at Defendants, he was advised that the only compensation Defendants would provide him for his work would be based on the tips provided by customers during his work shift. Plaintiff Mendez was advised that all the cash tips and credit card tips received during a work shift by the servers/bartenders would be combined and then split among the number of servers/bartenders and managers working that shift. Defendants provided Plaintiff Gutierrez no other information regarding his compensation at that time or during any other time during his employment.

37. In approximately early 2022, Defendants began paying Plaintiffs by having them keep the specific tips they received from the customers they served. Defendants allowed Plaintiffs to keep the cash tips they received and then paid Plaintiffs cash at the end of the shift for the credit card tips they received throughout their shift.

38. Defendants scheduled Plaintiffs to work six days each workweek they worked throughout their employment. Plaintiffs started their shift each day at 10:00 a.m. Throughout the shift, Defendants required Plaintiffs perform non-tipped tasks, like cleaning the restaurant and similar tasks.

39. Plaintiffs continuously worked throughout their respective shifts each day well after the scheduled close times of Defendants' restaurants, which varied between 10:00 p.m. or 11:00 p.m. depending on the day of the week. After the restaurants close times, Plaintiffs continued to work for several hours by continuing to serve customers and cleaning and performing other tasks to get the restaurant ready for the following day. Plaintiffs

7

consistently finished working their respective shifts at a time between 12:00 a.m. and 2:00 a.m. each shift.

40. Defendants never provided Plaintiffs any additional compensation, including overtime premium pay, for the hours over 40 they worked each workweek.

## CLASSWIDE FACTUAL ALLEGATIONS

41. During all relevant times, Defendants have owned and operated restaurants.

42. The primary function of Defendants' restaurants is to sell food and beverage items to customers, whether they dine-in or carry out.

43. Each of Defendants' restaurants employs servers and bartenders.

44. Defendants failed to pay the servers and bartenders the applicable legally required minimum wage, rather paying them solely based on the tips customers provided.

45. Defendants also failed to pay the servers and bartenders the legally required overtime premium pay for hours over 40 hours they worked in a workweek.

46. Defendants act "willful" in failing to pay the legally required minimum wage and overtime premium pay the servers and bartenders. Defendants' willful violations of the FLSA demonstrates criminal conduct on Defendants' behalf and, therefore, violates Plaintiffs' rights and the rights of similarly situated individuals under O.RC. § 2307.60.

47. Defendants' failure to pay the servers and bartenders in compliance with the FLSA and OMFWSA means that Defendants violated the OPPA.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendants in server and/or bartender position for Defendants at any time

8

within the three (3) years prior to the date this Complaint is filed through the date of the final disposition of this action (the "Collective Action Period"), on behalf of themselves and all persons who were, are, or will be employed in any server and/or bartender position.

49. This class has damages under the FLSA and O.R.C. 4111 et seq. as a result of Defendants' policy of only paying servers and/or bartenders solely through the tips they received from customers, as opposed the legally required minimum wage.

50. This class has damages under the FLSA and O.R.C. 4111 et seq. as a result of Defendants' policy which failed to inform its employees of the required tip credit provisions prior to taking a tip credit. See 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

51. This class has damages under the FLSA and O.R.C. 4111 et seq. as a result of Defendants' policy of failing to pay servers and bartenders overtime premium pay for hours over 40 hours they worked in a workweek.

52. This class has damages under the FLSA and O.R.C. 4111 et seq. as a result of Defendants' policy of failing to pay servers and bartenders the tips they are legally entitled by requiring the servers and bartenders to share part of their tips with management employees.

53. These FLSA and OMFWSA claims are brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) and O.R.C. 4111.10(C), as claims for unpaid wages or withheld compensation violation of the FLSA and OMFWSA, liquidated damages and attorneys' fees and costs under the FLSA and OMFWSA. In addition to Plaintiffs, numerous Similarly Situated Persons ("SSPs") have been denied proper compensation due to Defendants' payroll policies and practices. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

9

54. These SSPs are known to Defendants and readily identifiable through Defendants' payroll records.  These individuals may be readily notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b) and O.R.C 4111.10(C), for the purpose of collectively adjudicating their claims for minimum wage compensation, overtime wage compensation, liquidated damages, attorneys' fees, and costs under the FLSA and OMFWSA.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**O.R.C. 4111.10(C) & FLSA – COLLECTIVE ACTION FOR FAILURE**
**TO PAY EMPLOYEES MINIMUM WAGE**

55. All the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by Plaintiffs on behalf of themselves and other SSPs.

57. During the three years preceding the filing of this Complaint, Defendants employed Plaintiffs and other SSPs.

58. Plaintiffs and SSPs were paid solely tipped basis for their hours worked, never receiving any guaranteed hourly wage.

59. Defendants knew or should have known of the minimum wage provisions of the FLSA and O.R.C. 4111 et seq.

60. During the past three years, Defendants have knowingly and willfully failed to pay Plaintiffs and the SSPs the legally required minimum wage under FLSA and O.R.C. 4111 et seq.

61. As a direct and proximate result of Defendants' conduct, Plaintiffs and the SSPs have suffered damages.  Plaintiffs seek unpaid compensation, liquidated damages, interest and

attorneys' fees, and all other remedies available, on behalf of themselves and all other SSPs.

**SECOND CAUSE OF ACTION:**
**O.R.C. 4111.10(C) & FLSA – COLLECTIVE ACTION FOR FAILURE**
**TO INFORM EMPLOYEES OF TIP CREDIT PROVISIONS**

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. This claim is brought as part of a collective action by Plaintiffs on behalf of themselves and other SSPs.

64. During the three years preceding the filing of this Complaint, Defendants employed Plaintiffs and other SSPs.

65. Plaintiffs and SSPs were paid solely on a tipped basis.

66. Defendants knew or should have known of the tip credit provisions of the FLSA and O.R.C. 4111 et seq.

67. During the past three years, Defendants have knowingly and willfully failed to inform Plaintiffs and the SSPs of the tip credit provisions prior to applying a tip credit.

68. As a direct and proximate result of Defendants' conduct, Plaintiffs and the SSPs have suffered damages. Plaintiffs seek unpaid compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and all other SSPs.

**THIRD CAUSE OF ACTION:**
**O.R.C. 4111.10(C) & FLSA – COLLECTIVE ACTION FOR FAILURE**
**TO PAY EMPLOYEES OVERTIME PREMIUM PAY**

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. This claim is brought as three years preceding the filing of this Complaint, Defendants employed Plaintiffs and other SSPs.

71. The FLSA and O.R.C. § 4111 et seq. require that employees receive overtime compensation for hour worked in excess of forty (40) per week.

72. Plaintiffs and other SSPs worked in non-exempt positions and were paid solely through the tips they received.

73. Plaintiffs and other SSPs regularly worked in excess of 40 hours in workweeks.

74. Defendants jointly violated the FLSA and O.R.C. 4111 et seq. with respect to Plaintiffs and the SSPs by, inter alia, failing to compensate them at time-and-one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

75. Plaintiffs and the other SSPs were not exempt from receiving FLSA and O.R.C. § 4111 et seq. overtime benefits.

76. Defendants knew or should have known about the overtime payment requirements of the FLSA and O.R.C. § 4111 et seq.  Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiffs and other SSPs are entitled.

77. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Plaintiffs and other SSPs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

78. As a direct and proximate result of Defendants' conduct, the Plaintiffs and other SSPs have suffered and continue to suffer damages.  Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the other SSPs.

12

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE OPPA ON BEHALF
## OF PLAINTIFF AND SSPS

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. During all times material to this Complaint, Defendants have been an employer required to comply with the mandates of the OPPA, O.R.C. § 4113.15.

81. Plaintiffs and the SSPs were employed by Defendants within the meaning of the OPPA, and were not otherwise exempt.

82. The OPPA requires that Defendants pay Plaintiffs and the SSPs all wages owed, on or before the first (1st) day of each month for wages earned by them during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by them during the preceding calendar month. See O.R.C. § 4113.15(A).

83. During all times material to this Complaint, because of Defendants' failure to compensate Plaintiffs and the SSPs fully and properly for all work performed, Plaintiffs and the SSPs were not paid all wages earned within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

84. The Plaintiffs' and SSP's earned minimum wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

85. In violating the OPPA, Defendants have acted willfully and with reckless disregard.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF O.R.C. § 2307.60 ON BEHALF
## OF PLAINTIFFS AND SSPS

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

88. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiffs and the SSPs have been injured as a result.

89. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

90. As a result of Defendants' willful violates of the FLSA, Plaintiffs and the SSPs are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the SSPs, pray for relief as follows:

A. Judgment that Defendants are liable to Plaintiffs and other SSPs for the conduct described herein of Defendants;

B. Designation of this action as a collective action on behalf of the Ohio and FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.10(C) to all similarly situated members of the Ohio and FLSA Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA and Ohio claims in this action by filing individual Consent to join forms pursuant to 29 U.S.C. § 216(b) and O.R.C. 4111.10(C);

C. An injunction prohibiting Defendants from engaging in future FLSA and Ohio Wage Law violations;

14

D.   Lost minimum wages and improperly deducted monies to the fullest extent permitted under the law;

E.   Lost overtime wages and improperly deducted monies to the fullest extent permitted under the law;

F.   Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

G.   Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

H.   Damages as set forth in OPPA;

I.   Damages allowable O.R.C. § 2307.60;

J.   Treble damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law; and

K.   Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the SSPs, pray for relief as follows:

A.   Designation of this action as a class action on behalf of the Ohio Rule 23 Class;

B.   Damages set forth in OPPA;

C.   Damages allowable O.R.C. § 2307.60;

D.   Litigation costs, expense, and attorneys' fee to the fullest extent permitted under the law; and,

E.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196), Trial Attorney
Angela J. Gibson (0080928)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
brad@gibsonemploymentlaw.com
angela@gibsonemploymentlaw.com
513-834-8254 [T]
513-834-8253 [F]

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/  Bradley L. Gibson
Bradley L. Gibson (0085196)