UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ADRIAN GUTIERREZ**, *et al.*, | : | Case No. 3:22-cv-00325 |
| | : | |
| Plaintiffs, | : | **JUDGE THOMAS M. ROSE** |
| | : | |
| v. | : | |
| | : | |
| **LEON & ESPINOZA, INC.**, *et al.*, | : | **JOINT MOTION TO APPROVE WAGE** |
| | : | **AND HOUR SETTLEMENT** |
| Defendants. | : | **AGREEMENT** |
| | : | |

Plaintiffs Adrian Gutierrez, Yoselin A. Mendez, and Fabian Rosales (collectively referred to as "Plaintiffs") and Defendants, Mexico-Cozumel Brands, Inc., 11305 Princeton Pike, Inc., 6290 Chambersburg Road, Inc., 3100 Vandercar Way Inc., Leon & Espinoza, Inc., Catarino Espinoza, individually, and Liliana Jamie, individually, (collectively referred to as "Defendants") jointly move this Court for entry of the attached proposed agreed order approving their wage and hour settlement as memorialized in the Settlement and Release Agreement (the "Agreement"), attached hereto as **Exhibit A**, and dismissing all claims with prejudice. A Proposed Order approving the settlement is attached as **Exhibit B**. A Memorandum in Support of this Motion follows.

Respectfully Submitted,

| | |
|---|---|
| /s/ Bradley L. Gibson | /s/ Matthew S. Okiishi (email authorization) |
| Bradley L. Gibson (0085196) | Matthew S. Okiishi (0096706) |
| Angela J. Gibson (0080928) | Stephen E. Imm (0040068) |
| GIBSON LAW, LLC | Finney Law Firm, LLC |
| 9200 Montgomery, Rd., Suite 11A | 4270 Ivy Pointe Blvd., Suite 225 |
| Cincinnati, OH 45242 | Cincinnati, OH 45245 |
| brad@gibsonemploymentlaw.com | 513-943-6659 |
| angela@gibsonemploymentlaw.com | 513-943-6669-fax |
| 513-834-8254 [T] | matt@finneylawfirm.com |
| 513-834-8253 [F] | stephen@finneylawfirm.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

1

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

On January 24, 2023, Plaintiffs, individually and on behalf of those similarly situated, filed their Second Amended Complaint alleging that the Defendants failed to pay Plaintiffs and the FLSA Collective the proper minimum wage and overtime wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and its state law equivalents. (Doc. 4-1).

The Defendants filed their Answer to Plaintiffs' Second Amended Complaint on May 8, 2023, denying any liability and raised a number of other affirmative defenses. (Doc. 8).

The Parties participated in Court ordered mediation on January 19, 2024, before Magistrate Judge Caroline H. Gentry and shortly thereafter determined that it is in the best interest of both Parties to settle the current action. Those negotiations resulted in the Agreement set forth below.

II. **TERMS OF THE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

The Agreement provides for the settlement of the claims made by Plaintiffs in the above-captioned action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA") on terms that were negotiated at arms-length between the Parties and largely under the supervision of a federal magistrate. The Agreement represents a fair and reasonable resolution of the Parties' dispute. Specifically, the agreement between the Parties is as follows:

A. **Settlement Amount:** Defendants have agreed to pay a settlement in the amount of Eight Thousand Dollars ($8,000.00) which will be used to pay the individual Plaintiffs and all attorney's fees and costs.

a. Each Plaintiff will be awarded a sum of Two Thousand Dollars ($2,000.00) which shall be allocated to wage and hour damages, both compensatory and

        liquidated, and from which Defendants shall deduct payroll taxes and other withholdings required by law.

    b. The remaining Two Thousand Dollars ($2,000.00) shall be conveyed to Gibson Law, LLC., which shall be allocated to attorneys' fees and expenses.

B. **Releases:** The parties have agreed to the dismissal of Plaintiffs' FLSA claims with prejudice upon the Court's approval of this Motion.

Plaintiffs' remaining claims are being resolved through a separate confidential agreement.

## III. ARGUMENT

### A. Standards for Approval of an FLSA Settlement

The central purpose of the FLSA is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. *Crawford v. Lexington-Fayette Urban County Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202) (further citation omitted). To this end, "[a]n employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, *4-5, (S.D. Ohio Aug. 12, 2020) (citing *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6 (S.D. Ohio Dec. 2, 2016)).

As in this case, when the parties request a court's approval of the proposed settlement of FLSA claims, the court reviews the agreement to ensure that "(i) 'the settlement resolves a bona fide dispute under the FLSA' and (ii) that the settlement is 'fair, reasonable, and adequate.'" *Macknight v. Healthcare*, No. 2:20-vc-4508, 2021 U.S. Dist. LEXIS 227262, *2 (S.D. Ohio March 4, 2021).

1. **A Bona Fide Dispute Exists**

"The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *5 (S.D. Ohio May 30, 2012). Plaintiffs have maintained that Defendants have failed to pay them the minimum wage and overtime premium pay for their hours of work. Defendants contend that Plaintiffs have been properly compensated. At this juncture, no ruling resolved these different legal positions. Thus, the bona fide dispute justifies settlement of the claims.

2. **The Proposed Settlement is Fair and Reasonable**

Courts apply the following factors to determine whether a settlement is fair, reasonable, and adequate: (1) the complexity, expense, and likely duration of the litigation; (2) the likelihood of success on the merits; (3) the risk of fraud or collusion; (4) the public's interest in settlement; (5) the amount of discovery completed; (6) the opinion of class counsel and representatives; and (7) the reaction of absent class members. *Macaluso v. Zirtual Startups, LLC*, No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at *6 (S.D. Ohio Aug. 17, 2021); *Vigna*, 2016 U.S. Dist. LEXIS 166605, at *3. Not all cases will turn on all seven of these factors and "the Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008).

As to the first factor, the complexity, expense, and length of continued litigation militate in favor of this settlement. Plaintiffs' FLSA claims are factually nuanced and complex in theory.. The claims are factually nuanced because, for example, Defendants assert that the records they produced demonstrate Plaintiffs did not work overtime hours, while the Plaintiffs maintain the

records fail to indicate the hours the actual hours they worked. Plaintiffs will have to provide testimony indicating the hours they worked on a week-by-week basis to try to discredit the hours provided in the documents Defendants produced. Similarly, the Defendants produced witness statements indicating that Defendants provided the legally required notices under the FLSA, while the Plaintiffs indicate that they were never provided such notices.

Plaintiffs' FLSA claims are complex in theory because, for example, the parties strongly disagree as to what information Defendants were required to provide Plaintiffs in order for Defendants to meet their legal obligations in providing notice. The parties also strongly disagree as to whether or not Plaintiffs can obtain any damages under the FLSA in light of Plaintiffs' claims under state law. For instance, given Ohio's minimum wage amounts are higher than the federal minimum wage under the FLSA, Defendants assert that Plaintiffs are not entitled to any minimum wage damages under the FLSA because that would allow Plaintiffs to impermissibly "stack" their damages under both the FLSA and state law.

Continuing to litigate these factual and legal differences would require a "detailed analysis of the statutory and case law, the payment's circumstances, the specific way in which Defendants received notice of the need to make such payment, and the timeliness in processing the payment" in order to properly analyze if the alleged payroll errors were in violation of the FLSA. *Athan v. United States Steel*, 523 F. Supp. 3d 960, 967 (E.D. Mich. 2021). Further, should this matter continue, the Parties would need to complete significant discovery, brief and argue a motion for summary judgment, and based on the rulings, prepare for a trial. *Id*. Because the Parties "avoi[d] the costs, delays, and multitude of other problems associated" with the continued litigation of the Plaintiffs' FLSA claims, the first factor weighs in favor of settlement. *Larue v. Selfiestyler, Inc.*, No. 2:19-cv-03617, 2020 U.S. Dist. LEXIS 228605, at *5-6 (S.D. Ohio Dec. 4, 2020) (complexity,

expense, and likely duration of continued litigation regarding FLSA claims favor approval of the joint settlement agreement).

The second factor of the Court's analysis, the likelihood of Plaintiffs' success on the merits, also weighs in favor of settlement. As discussed, Plaintiffs' likelihood of success under their FLSA claims will require them establish certain facts that highly disputed, prevail on certain legal arguments, and demonstrate that they are even entitled to additional damages under the FLSA in light of their state law claims. For example, Plaintiffs can only collect additional damages under the FLSA if they can show that Defendants acted "willfully" in failing to pay Plaintiffs overtime premium payments that were not paid.[1] Plaintiffs' ability to meet that burden requires them, as a threshold matter, to establish their respective underlying claims for unpaid overtime, which Defendants strongly dispute and provide evidence to the contrary. Plaintiffs' maximum damages for their respective FLSA damages above their Ohio wage-and-hour claims are: Plaintiff Guiterrez - $8,580.48; Plaintiff Mendez - $7,525.11; and, Plaintiff Rosales - $9,324.23."[A]ny likelihood of success on the merits by Plaintiff would require substantial motions practice and jury trial, and both the risks and expenses of continued litigation are likely outweighed by the benefits of the proposed settlement." *Larue*, 2020 U.S. Dist. LEXIS 228605 at *7-8. The settlement provides relief to the Plaintiffs in a prompt and efficient matter, and continued litigation would be of an uncertain duration, cost, and result. Because further litigation may prolong, or eliminate, Plaintiffs' recovery, the second factor weighs in favor of settlement. *Larue*, 2020 U.S. Dist. LEXIS 228605 at *7-8 (finding that the benefit of proposed settlement outweighs the employee's likelihood of success).

---

[1] The only damages the Plaintiffs can receive under the FLSA that are beyond what they can receive under the Ohio wage-and-hour claims are liquidated damages for their claims of unpaid overtime. Plaintiffs can only receive liquidated damages under the FLSA based on their unpaid overtime if they can show Defendants acted "willful" in failing to pay them overtime premium pay.

The third factor weighs in favor of settlement, as the Agreement is free from fraud or collusion. Courts "respect the integrity of counsel involved and 'presume the absence of fraud or collusion' in settlement negotiations, unless evidence to the contrary is offered." *Larue*, U.S. Dist. LEXIS 228605, at *5-6 (citing *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001)). Here, there is no evidence of fraud or collusion relating to the Agreement. As such, the third factor weighs in favor of settlement.

The fourth factor weighs in favor of settlement. Further litigation would create judicial strain on the Court and its docket, as the Parties would engage in further motions practice. *Id*. at *8 (citing *In re Telectronics*, 137 F. Supp. 2d at 1025 (finding the public interest satisfied where burden on "valuable judicial resources" was alleviated by settlement)). Because the Agreement avoids further strain on the Court and its docket, the fourth factor weighs in favor of settlement.

The sixth factor weighs in favor of settlement. The parties, through their counsel, engaged in good-faith settlement negotiations to resolve this matter. Both prior and during the mediation, the parties exchanged extensive payroll documents, schedules, sworn statements, electronic communications, and more. The agreement of both Plaintiffs' and Defendants' counsel that settlement is fair and reasonable weights in favor of approving the agreement. *Worthington v. CDW Corp.*, No. C-1-03-649, 2006 U.S. Dist. LEXIS 32100 at *13 (S.D. Ohio May 22, 2006).

As shown above, the Agreement is reasonable, fair, and adequate as it: (1) avoids the long and protracted litigation of Plaintiff's claims; (2) provides Plaintiff with a guaranteed recovery in excess of the missing overtime wages; (3) was made without a risk of fraud or collusion; (4) is in the public's interest; and (6) is of the opinion of class counsel and representatives to be in the parties best interests.

### B. The Attorney's Fees are Fair and Reasonable

Where the settlement agreement proposes an award of attorneys' fees, such fees must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Id*. (quoting *Blum*, 465 U.S. at 897) (internal quotation marks and further citations omitted). This Court has found that a fee representing one-third of the total settlement amount is reasonable. *Hebert v. Chesapeake Operating, Inc*., No. 2:17-CV-852, 2019 U.S. Dist. LEXIS 160792, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp*., Case No. 2:20-cv02173, 2021 U.S. Dist. LEXIS 184813, at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 U.S. Dist. LEXIS 155602, at *6 (S.D. Ohio Aug. 18, 2021) (finding a one-third attorney fees request to be reasonable).

Plaintiffs' attorneys will receive Two Thousand Dollars ($2,000.00), less than one-third of the Plaintiffs' recovery, as compensation for the work completed on the case, and in anticipation of the work to be performed in administering the settlement and distributing the final settlement amounts. As the fees proposed in the Agreement amount to less than one-third of the Plaintiffs' settlement amount for the claims, the attorneys' fees proposed are reasonable.

### IV. CONCLUSION

In light of the foregoing, the parties respectfully request that the Court grant approval of the Settlement and Release Agreement and that payment of Attorney Fees and Costs be approved by the Court.

Respectfully Submitted,

| | |
|---|---|
| /s/ _Bradley L. Gibson_____ | /s/ Matthew S. Okiishi (email authorization) |
| Bradley L. Gibson (0085196) | Matthew S. Okiishi (0096706) |
| Angela J. Gibson (0080928) | Stephen E. Imm (0040068) |
| GIBSON LAW, LLC | Finney Law Firm, LLC |
| 9200 Montgomery, Rd., Suite 11A | 4270 Ivy Pointe Blvd., Suite 225 |
| Cincinnati, OH 45242 | Cincinnati, OH 45245 |
| brad@gibsonemploymentlaw.com | 513-943-6659 |
| angela@gibsonemploymentlaw.com | 513-943-6669-fax |
| 513-834-8254 [T] | matt@finneylawfirm.com |
| 513-834-8253 [F] | stephen@finneylawfirm.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on March 11, 2024, a true and accurate copy of the foregoing was served on all parties via operation of the Court's CM/ECF electronic filing system.

                                        */s/ Bradley L. Gibson*  
                                        Bradley L. Gibson (0085196)